UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE L. NIEMAN,

        Plaintiff,

                                                      Case No. 2:07-cv-12629

vs.

                                                      HON. GEORGE CARAM STEEH

GENERAL MOTORS, INC.,

        Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION TO SEAL FILE [DOC. # 27]

On May 30, 2014, plaintiff filed a motion to seal file. This filing generally asks the Court to seal docket #23, the court's November 17, 2008 order granting summary judgment to defendant, because it contains what plaintiff describes as sensitive information concerning the plaintiff's mental diagnosis by doctors; her medications; and her prognosis. The time for a response has not expired; nonetheless, plaintiff's motion to seal file is denied for the reasons given below.

It is well established that every court has the power over its own records and files; however, the district court's power to seal records is subject to the "long-established tradition" of open access to court documents. *Witucki v. Couture*, 2002 U.S. Dist. LEXIS 23711, at \*2 (E.D. Mich. Oct. 8, 2002). Federal Rules of Civil Procedure Rule 26(c) allows court papers to be sealed for "good cause." *Tinman v. Blue Cross & Blue Shield*, 176 F.Supp. 2d 743, 745 (E.D. Mich. 2001). In order to meet this burden, courts generally require that the party moving to seal show that disclosure of the information will result in some sort of serious competitive or financial harm. *Id. See also Walde v. Merck, Sharp,*

*& Dohme*, 1981 U.S. Dist. LEXIS 17515, at *4 (E.D. Mich. 1981) (The movant must make a particularized showing that the information sought is confidential and present specific examples of competitive harm.). The plaintiff has failed to show with specificity how the information in docket #23 has harmed her. She makes vague assumptions that her misfortune came about because fellow employees "googled" her name and circulated the information contained in docket #23. "Vague and conclusory allegations of . . . harm are insufficient." *Id.* Plaintiff's motion to seal file and brief in support of motion both fail to show that her harm was a direct result of the circulation of docket #23.

Moreover, plaintiff does not identify what she desires to be redacted. The plaintiff vaguely asks the court to seal an entire court document. As mentioned above, there is a long-standing tradition of open access to court documents. *Witucki*, 2002 U.S. Dist. LEXIS 23711, at *2. In order to overcome this tradition the courts generally require the moving party to make a specific showing of harm that results from allowing public access to records. *Tinman*, 176 F.Supp. 2d at 745. Plaintiff has failed to identify with any specificity what information she would like sealed.

Finally, plaintiff is trying to seal a file that has been open to the public for six years. As mentioned above, good cause is generally required in order to seal court papers. *Tinman*, 176 F.Supp. 2d at 745. In the case at hand, plaintiff is moving to seal docket #23 because it contains sensitive information that she believes is being misused by users of the internet. However, the document in this case was not filed under seal, nor were the preceding iterations of complaints filed by the plaintiff or the summary judgment briefs, all of which address the same information. The one document in the record plaintiff seeks to seal has been open to the public since November 17, 2008, and any potential harm from

public disclosure has already occurred. The medical information discussed in the court's summary judgment opinion is integral to its disposition of plaintiff's disability discrimination claim. Obviously, if such information were routinely sealed by the courts, case law would be bereft of guidance for the analysis of such claims. Therefore, the plaintiff has failed to show good cause for sealing the document which has been open to the public for six years. *Witucki*, 2002 U.S. Dist. LEXIS 23711, at *4.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to seal file is DENIED.

Dated: June 11, 2014

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---